**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

MICHAEL F. DEARBORN,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

No. 08-CV-34-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

I.    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   *RELEVANT PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . *2*

III.  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    A.   *Legal Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*
    B.   *Prevailing Party* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    C.   *Whether Plaintiff is a Prevailing Party* . . . . . . . . . . . . . . . . . *5*
    D.   *Westerhaus Factors* . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        1.   *Culpability* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        2.   *Defendant's ability to pay* . . . . . . . . . . . . . . . . . . . . *8*
        3.   *Deterrent effect* . . . . . . . . . . . . . . . . . . . . . . . . . *9*
        4.   *Number of plan participants benefitted* . . . . . . . . . . . . *9*
        5.   *Relative merit of parties' positions* . . . . . . . . . . . . . . *10*
        6.   *Other factors* . . . . . . . . . . . . . . . . . . . . . . . . . . *10*
        7.   *Summary* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*
    E.   *"Expenses"* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

IV.  *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *12*

*I. INTRODUCTION*

    The matter before the court is Plaintiff Michael F. Dearborn's Motion for Award of Attorney Fees ("Motion") (docket no. 35).

## II. RELEVANT PROCEDURAL BACKGROUND

On April 14, 2008, Plaintiff filed a Complaint (docket no. 2). Pursuant to 29 U.S.C. § 1132(a)(1)(B), a provision in the Employee Retirement Income Security Act of 1974 ("ERISA"), Plaintiff requested that the court order Defendant Hartford Life and Accident Insurance Company to restore his long-term disability income benefits under an insurance policy underwritten by Defendant.

On March 9, 2009, the court remanded the instant action to Defendant's plan administrator. *See* Order ("Remand Order") (docket no. 34). The court found Defendant had used an incorrect job code in its employability analysis that may have led Defendant to wrongly conclude that Plaintiff was not eligible for long-term disability benefits. The court directed Defendant to conduct a new disability eligibility analysis that properly reflected Defendant's prior job experience and to redetermine whether Plaintiff was eligible for long-term disability benefits.

On March 17, 2009, Plaintiff filed the Motion. On March 31, 2009, Defendant filed a Resistance (docket no. 36). On April 10, 2009, Plaintiff filed a Reply (docket no. 37).

## III. ANALYSIS

Plaintiff asks the court to award him $44,072.50 in attorney fees and $480.45 in costs pursuant to 29 U.S.C. § 1132(g)(1) and Local Rule 54.1. Defendant argues an attorney fee award would be improper because Plaintiff is not a prevailing party and because various factors weigh against an award of fees. Alternatively, Defendant asks the court to award a reduced amount of attorney fees.

### A. Legal Background

Pursuant to 29 U.S.C. § 1132(g)(1), a court may award reasonable attorney fees and costs to either party. 29 U.S.C. § 1132(g)(1) ("In any action under this subchapter [. . .] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a

reasonable attorney's fee and costs of action to either party."). "More than two decades ago, [the Eighth Circuit Court of Appeals] adopted a multi-factor test for determining whether and to what extent a prevailing party should receive attorneys' fees in ERISA cases." *Kahle v. Leonard*, 563 F.3d 736, 743 (8th Cir. 2009) (citing *Lawrence v. Westerhaus*, 749 F.2d 494, 496 (8th Cir. 1984) (per curiam)). These factors, known as the *Westerhaus* factors, are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees [. . .] could deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Westerhaus*, 749 F.2d at 496.

The Eighth Circuit Court of Appeals "later modified the *Westerhaus* test, explaining that the enumerated factors are 'non-exclusive,' need not be 'mechanically applied,' and that district courts should consider 'other relevant considerations' when determining attorneys' fee awards." *Kahle*, 563 F.3d at 743 (citing *Martin v. Ark. Blue Cross & Blue Shield*, 299 F.3d 966, 972 (8th Cir. 2002) (en banc)).

When considering whether to award attorney fees, a court should "'apply its discretion consistent with the purposes of ERISA, those purposes being to protect employee rights and to secure effective access to federal courts.'" *Welsh v. Burlington N., Inc., Employee Benefits Plan*, 54 F.3d 1331, 1342 (8th Cir. 1995) (quoting *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 589 (9th Cir. 1984)). "[A]lthough there is no presumption in favor of attorney fees in an ERISA action, a prevailing plaintiff rarely fails to receive fees." *Starr v. Metro Sys., Inc.*, 461 F.3d 1036, 1041 (8th Cir. 2006); *see also Martin*, 299 F.3d at 972 ("[F]ew, if any, fee awards have been denied a prevailing plaintiff in ERISA cases nationwide. This is true even though nine of the circuit courts of appeals

3

did not employ any kind of presumption in favor of fees. Thus, the absence of a presumption has obviously not doomed ERISA plaintiffs' attorney fee requests[.]"). In considering an attorney fee request, a district court should "bear[] in mind that 'a reduced fee award is appropriate if the relief, however insignificant, is limited in comparison to the scope of the litigation as a whole.'" *Delcastillo v. Odyssey Res. Mgmt., Inc.*, 431 F.3d 1124, 1132 (8th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983)).

## *B. Prevailing Party*

Defendant argues Plaintiff is not entitled to an award of attorney fees because he is not a prevailing party. "Courts often analyze the propriety of awarding attorney fees, in the ERISA context and in other contexts, with the aid of the concept of the 'prevailing party.'" *Leonard v. Sw. Bell Corp. Disability Income Plan*, 408 F.3d 528, 532 n.3 (8th Cir. 2005). There is a split of authority among federal circuit courts of appeals on whether 29 U.S.C. § 1132(g)(1) requires a party to prevail in order to receive a fee award. The Second and Eleventh Circuit Courts of Appeals reject the prevailing party requirement. *Salovaara v. Eckert*, 222 F.3d 19, 27 (2d Cir. 2000) (emphasizing that "a court has discretion to award attorney's fees 'to either party' in an ERISA action"); *Freeman v. Cont'l Ins. Co.*, 996 F.2d 1116, 1119 (11th Cir. 1993) ("Unlike other fee-shifting provisions, which give the court discretion to award fees to a prevailing party, § 1132(g)(1) allows a court to award fees to either party. The law provides no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action.") (citations omitted).

In contrast, the Fourth Circuit Court of Appeals has held that a party must prevail in order to receive attorney fees. *Martin v. Blue Cross & Blue Shield of Va., Inc.*, 115 F.3d 1201, 1210 (4th Cir. 1997) ("Because of the strong suggestions in our own precedent, supported by the weight of authority from other circuits, we now make clear that in the Fourth Circuit, only a prevailing party is entitled to consideration for attorneys'

fees in an ERISA action."). The Tenth Circuit Court of Appeals also has a prevailing party requirement. *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 828 (10th Cir. 1996) (declining to award attorney fees to plaintiff, or to remand to the district court for an explanation, because plaintiff did not prevail on any of his claims).

The Eighth Circuit Court of Appeals has "left open the question whether an attorney fee award under the ERISA provision can be made only to a prevailing party." *Leonard*, 408 F.3d at 532 n.3 (internal citation omitted); *see also Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006) ("[I]t is an open issue in this circuit whether attorneys' fees may be awarded under 29 U.S.C. § 1132(g)(1) to an ERISA plan claimant who does not prevail."). "Therefore, while the 'prevailing party' concept may be useful to the district court, the propriety of the court's exercise of its discretion in this context does not depend on invoking that concept." *Leonard*, 408 F.3d at 532 n.3. For the limited purpose of the instant order, the court assumes without deciding that a court may award attorney fees to a non-prevailing party.

### C. *Whether Plaintiff is a Prevailing Party*

Plaintiff can only become a prevailing party by obtaining a favorable ruling from a court that the plan's basis for denying benefits was invalid. *Geissal ex rel. Estate of Geissal v. Moore Med. Corp.*, 338 F.3d 926, 935 (8th Cir. 2003). "The Supreme Court has expressly recognized that a fee award may be appropriate when a party 'has established the liability of the opposing party, although final remedial orders have not been entered[.]'" *Id.* (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980)). "To be sure, such an interlocutory order must create a 'material alteration of the legal relationship of the parties' to confer prevailing party status." *Id.* (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-93 (1989)). In the instant action, although Plaintiff received a favorable ruling from this court, he is not a prevailing party because Defendant's liability, if any, has not yet been determined and because the parties' legal

5

relationship has not changed as a result of the Remand Order. Stated another way, it is presently unclear whether Defendant's job coding error rendered Plaintiff ineligible for long-term disability benefits or whether this error makes no difference in Defendant's final benefits determination.

Nevertheless, the court shall proceed with its fee analysis. The court declines to bar an attorney fee award in this case simply because Plaintiff is not yet a prevailing party. If Plaintiff had not invoked the court's authority, this potentially crucial error would have gone uncorrected. Even if the court waited to consider an attorney fee award until after Defendant's plan administrator determined whether to grant long-term disability benefits, the fact would remain that Plaintiff was partially successful in identifying and litigating the issue that the court remanded. Defendant does not argue it would have corrected this error without judicial involvement. The court finds it appropriate to consider an award of attorney fees at this juncture because doing so is consistent with ERISA, whose purpose is to "protect employee rights and to secure effective access to federal courts." *Welsh*, 54 F.3d at 1342 (internal quotation marks omitted); *see also Antolik*, 463 F.3d at 803 (noting that, although claimant was not a prevailing party, the district court had discretion on remand to consider whether to award attorney fees because Defendant's "deceptive behavior and flagrant disregard of its ERISA disclosure duties may make this the rare case where some modest award is appropriate"). Accordingly, the court shall consider whether to award Plaintiff attorney fees.

### D. Westerhaus *Factors*

The court now turns to consider whether an attorney fee award is appropriate in light of the five *Westerhaus* factors and other appropriate considerations. This analysis is based largely on the court's findings and conclusions in the Remand Order. In the Remand Order, the court addressed thirteen objections Plaintiff raised to Defendant's denial of long-term disability benefits. The court remanded the instant action to Defendant's plan

administrator based on a single objection which related to a job coding error. The court found the other twelve issues raised by Plaintiff were without merit.

### 1. *Culpability*

First, the court considers "the degree of the opposing parties' culpability."[1] *Westerhaus*, 749 F.2d at 496. "[A] party is culpable for the purpose of ERISA [. . .] if the party's position was not 'substantially justified.'" *Bender v. Xcel Energy, Inc.*, No. 04-3117 ADM/FLM, 2008 WL 2042521,*3 (D. Minn. May 12, 2008) (quoting *Bittner v. Sadoff & Rudoy Indus.*, 728 F.2d 820, 831 (7th Cir. 1984) (overruled on other grounds)). "To be substantially justified, a claim must be 'something more than nonfrivolous, but something less than meritorious—and taken in good faith.'" *Id.* (quoting *Stark v. PPM Am., Inc.*, 354 F.3d 666, 673 (7th Cir. 2004)).

There is no dispute that Defendant's job coding error was an honest mistake when it was first made. The question is whether Defendant's failure to correct the mistake after it was identified demonstrates culpability. Plaintiff contends he made Defendant aware of the error during the administrative review process. Plaintiff contends Defendant refused to correct its mistake during the administrative process and forced him to bring the instant action. Plaintiff misrepresents the administrative record. To be sure, the administrative record reflects that Plaintiff informed Defendant that his job skills did not entail any supervisory skills, but this occurred nearly two years *before* Defendant made the job coding error. Plaintiff has not cited any evidence that shows he notified Defendant about its job coding error during the administrative process *after* Defendant made the mistake. Indeed, in a letter to Defendant toward the close of the administrative proceedings, Plaintiff's counsel mistakenly stated: "The listing of occupations for which you believe [Plaintiff] is qualified [. . .] contain *the same required tasks as his last job* of Resource Coordinator with

---

[1] Plaintiff acknowledges Defendant has not engaged in bad faith, a separate consideration in the first *Westerhaus* factor. 749 F.2d at 496.

Alliant Energy and/or his previous job as Power Lineman." App'x (docket no. 16), at 142 (emphasis added). In other words, at the conclusion of the administrative proceedings, Plaintiff's own attorney was under the impression that the employability analyses Defendant had conducted were coded correctly; that is, coded to reflect his actual job skills—not supervisory skills.

After thoroughly reviewing the record and appendix, the court concludes Plaintiff first notified Defendant of the job coding error in his Opening Merits Brief (docket no. 24)—not during the administrative review process. Plaintiff did not cite any evidence that suggests notification of the error occurred earlier. Defendant could have conceivably performed a corrected employability analysis after reviewing the Opening Merits Brief. However, Defendant believed a corrected analysis would have led to the same conclusion, namely, that Defendant was not entitled to long-term disability benefits. Although the court did not agree with this contention, it acknowledged that it was possible that a corrected employability analysis might not make any difference in the ultimate outcome of this case.

In light of the foregoing, the court concludes that this factor weighs marginally against an award of attorney fees. *See Martin*, 299 F.3d at 973 (affirming district court's denial of attorney fees to plaintiff who "would not have prevailed but for a procedural irregularity in the [p]lan's decision-making process").

### 2. *Defendant's ability to pay*

Next, the court considers Defendant's "ability [. . .] to satisfy an award of attorneys' fees." *Westerhaus*, 749 F.2d at 496. There is no question Defendant is able to pay the fees Defendant requests. Therefore, the court finds this factor weighs in favor of an award of attorney fees. The court notes, however, that this factor alone cannot justify an award of attorney fees. *See Hebert v. SBC Pension Benefit Plan*, 354 F.3d 796, 801 (8th Cir. 2004) (stating defendant's "ability to pay the attorney fees is not sufficient to support an award of attorney fees when the other factors weigh against an attorney fees award").

### 3. *Deterrent effect*

The court now turns to consider whether an award of attorney fees to Plaintiff "could deter other persons acting under similar circumstances." *Westerhaus*, 749 F.2d at 496. Plaintiff argues this factor weighs in favor of an award of attorney fees because it "would deter [Defendant] and other ERISA administrators who control the entire appeal process from putting individuals through the difficulty and expense of federal litigation to correct otherwise simple factual errors." Brief in Support of Motion (docket no. 35-3), at 3. Defendant argues an award of fees would have no deterrent effect because, "[t]he use of the wrong code was, at most, an administrative error that could not have been deterred by a threat of fees." Resistance at 10.

The court agrees that the mistake itself would not have been deterred by a threat of attorney fees. It is less clear whether an attorney fee award would deter Defendant from refusing to correct an error after it was identified by a claimant. Nevertheless, in this case, the court found Defendant was first put on notice of its error in Plaintiff's Opening Merits Brief. Therefore, the court finds any deterrent effect an attorney fee award may have had on Defendant's correction of its mistake is relatively small and does not weigh in favor of an award of attorney fees.

### 4. *Number of plan participants benefitted*

Next, the court considers "whether the part[y] requesting attorneys' fees [seeks] to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself." *Westerhaus*, 749 F.2d at 496. Plaintiff admits he brought this action solely for himself but claims that his "arguments and the ultimate success on those arguments certainly benefitted all participants in the plan and beneficiaries" because the court's decision will require Defendant to conduct "a more careful claims administrative and appeal process." Brief in Support of Motion at 3. The court, however, agrees with Defendant: it "did not find, and the record does not suggest,

that the use of the wrong job code was the result of systemic carelessness or any other institutional problem with [Defendant]'s claims review process." Resistance at 11. In a nutshell, Plaintiff sought to correct a highly individualized technical error for himself; his claim neither benefits multiple plan participants nor does it resolve a significant ERISA issue. This factor weighs against an award of attorney fees.

## 5. *Relative merits of parties' positions*

Finally, the court considers "the relative merits of the parties' positions." *Westerhaus*, 749 F.2d at 496. As stated earlier, the court found that twelve of the thirteen issues raised by Plaintiff in the instant action were without merit. In other words, when considering the merit of the parties' positions in their entirety, Defendant's position was more meritorious than Plaintiff's. Plaintiff argues that Defendant "had no relative merit in the position that drove the entire case and necessitated this entire appeal." Brief in Support of Motion at 4. The court disagrees with Plaintiff's premise that the remanded issue "drove" the instant action. Plaintiff did not raise the remanded issue until it filed its Opening Merits Brief. The entire administrative review process and the lion's share of the instant action were devoted to other issues that the court deemed to be without merit. Accordingly, the court finds that this factor weighs against an award of attorney fees.

## 6. *Other factors*

In conducting its analysis, the court also considers the fact that Plaintiff is not a prevailing party. As discussed above, Plaintiff may prove to be successful in his pursuit of long-term disability benefits once Defendant conducts a new employability analysis in accordance with the Remand Order. However, because Plaintiff is not yet a prevailing party, the court finds that this weighs against an award of attorney fees.

The court also considers the adequacy of the documentation Plaintiff filed in support of the Motion. The court is unable to determine whether Plaintiff's attorneys devoted substantial time to research, review, analyze or brief the single meritorious issue in this

case, that is, the job coding issue, because Plaintiff failed to provide the court with evidence showing his attorneys worked for any length of time on that issue. Some of the largest fee entries in Plaintiff's time records relate to research and briefing. Some of the research and briefing were likely devoted to the job coding issue, but it is impossible to approximate how much.

For instance, Plaintiff seeks fees for the following billable hour entries devoted to the preparation of the Opening Merits Brief: (1) $1,550.00 for "[r]esearch[ing] briefing issues"; (2) $1,430.00 for "[r]esearch[ing] extensive ERISA case law"; (3) $605.00 for "[r]esearch on key issues for Brief"; and (4) a total of $4,675.00 for "[p]reparation of Appeal Brief." Attachment to Motion (docket no. 35-2), at 2-3. These time entries do not contain any specific research or briefing topics. It is impossible to determine what amount of time or resources Plaintiff's attorneys devoted to the job coding issue in the preparation of the Opening Merits Brief. The same problem occurred with respect to the Reply Merits Brief (docket no. 30). The time entries for the preparation of the Reply Merits Brief include: (1) $1,375.00 for "[a]dditional research on new issues"; (2) $1,925.00 for "[f]ollow-up review of Appendix for key record citations"; (3) $1,870.00 for "[r]esearch on new issues from [D]efendant"; (4) a total of $3,712.5 for "[p]repar[ing an] initial draft of [the] Reply Brief"; (5) a total of $4,125.00 for "[p]reparing [the] Reply Brief"; (6) $3,300 for "[s]upplemental research and Brief revisions"; and (7) $3,575.00 for a "[c]omprehensive rewrite of [the Reply] Brief." *Id*. at 3. Again, it is impossible to determine what amount of time or resources Plaintiff's attorneys devoted to the job coding issue in the Reply Merits Brief.

These billable hour entries are so vague that they prevent the court from determining with certainty whether they relate to the single claim upon which Plaintiff succeeded. Accordingly, the court finds that this factor weighs against an award of attorney fees.

### 7. *Summary*

In light of the court's analysis of the *Westerhaus* factors and other considerations, the court concludes that an award of attorney fees is not warranted at this time.

### E. *"Expenses"*

Plaintiff also asks the court to award him $480.45 in "expenses." This request appears to be an application for costs, since it includes expenses for process servers, court fees and photocopies. Local Rule 54.a.1.A allows "a party entitled to recover costs" to file a request "[w]ithin 14 days after entry of judgment[.]" LR 54.a.1.A. Because the court remanded the instant action to Defendant's plan administrator to correct the job coding error, the court has not entered judgment in this action and Defendant's request for costs is premature. Accordingly, the court shall deny this portion of the Motion without prejudice.

## IV. CONCLUSION

In light of the foregoing, the Motion (docket no. 35) is **DENIED** with leave to refile after Defendant's plan administrator has determined whether long-term disability benefits are warranted in light of the Remand Order.

**IT IS SO ORDERED.**

**DATED** this 29th day of July, 2009.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA